# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GARY D. DINGMAN dba DINGMAN
TRANSPORT, INC., and APRIL L.
DINGMAN, Wife of Gary D. Dingman,

        Plaintiffs,

vs.                                                             No. CIV-05-1278 WJ/WDS

DONJACK ENTERPRISES, INC., dba
SPECIALIZED TRANSPORT SERVICE, et al, and
DAVID G. ERBES, DONJACK ENTERPRISES
PRESIDENT AND TREASURER, and
KAREN K. HART, Deceased, AGENT/DRIVER
FOR DONJACK ENTERPRISES dba
SPECIALIZED TRANSPORT SERVICE,

        Defendants.

## AMENDED
## MEMORANDUM OPINION AND ORDER on MOTIONS IN LIMINE
## and
## ORDER ALLOWING SUPPLEMENTAL BRIEFING

      THIS MATTER came before the Court upon Motions in Limine filed by both parties:

- Deft's motion to exclude testimony of Plaintiff's Expert, Douglas A. Richardson, CPA (Doc. 45)
- Deft's Motion for Partial Summary Judgment for Lack of Causation and for Loss of Consortium (Doc. 46)
- Plaintiff's Motion to Exclude the Testimony of Defendant's Expert G. Parker Bell (Doc. 50)
- Plaintiff's Motion to exclude testimony of Defendant's Expert Timothy Kelly, PA (Doc. 52)
- Plaintiff's motion in limine concerning photographs, etc (Doc. 71)
- Plaintiff's motion to quash deposition of Rider Truck Technician (Doc. 73)
- Deft's Motion in Limine to Exclude Comment, Suggestion or Argument of Punitive Damages (Doc. 88)

      A hearing was held on the motions on April 12, 2007. Prior to the hearing, the parties

informed the Court that they had resolved the motions pertaining to the exclusion of Defendant's expert Timothy Kelly (Doc. 52), and the motion pertaining to punitive damages (Doc. 88). These two motions were not addressed at the hearing. The parties stipulated to granting the motion regarding punitive damages. The motion concerning Mr. Kelly's testimony will be denied as moot.

The Court ruled on the remainder of the motions after considering the pleadings and hearing argument of counsel, as follows:

**(1) Defendant's motion to exclude testimony of Plaintiff's Expert, Douglas A. Richardson, CPA (Doc. 45)**.

Mr. Doug Richardson is qualified as an expert, regardless of the fact that he is not a forensic accountant. However, I agreed with Defendant that Mr. Richardson's report was totally deficient under Rule 26 requirements pertaining to expert reports. Mr. Richardson is required to supplement his disclosures within thirty (30) days from the date of the hearing (April 12, 2007), and Defendant may depose Mr. Richardson within thirty days of supplementing his Rule 26 disclosures. Should Defendant find Mr. Richardson's report still deficient under Rule 26, Defendant may inform the Court and request exclusion of the report as a sanction under Rule 37. I will take under advisement at a later time the issue of costs incurred by Defendant for the additional deposition.

**(2) Defendant's Motion for Partial Summary Judgment for Lack of Causation and for Loss of Consortium (Doc. 46)**

I will defer ruling on this matter until a later time. In view of Plaintiff's counsel's submission of additional authority at the hearing, counsel for Defendant may file supplemental briefing on this issue within one week from the date of the hearing.

**(3) Plaintiff's Motion in Limine Concerning Photographs, etc. (Doc. 71)**.

Parties have resolved all issues raised in this motion except for a handwritten police report diagram which contains measurements and information from the accident scene. Neither party desires the admission of this particular document; therefore, the motion is essentially moot on that basis.  However, Plaintiff contends that the unreliability of the diagram should preclude defense expert from relying on this diagram in his report.  The Court deferred ruling on this aspect of the motion, and will now address the matter within Plaintiff's Motion to Exclude the Testimony of Defendant's Expert G. Parker Bell.

**(4) Plaintiff's Motion to Exclude the Testimony of Defendant's Expert G. Parker Bell (Doc. 50)**

The Court denied this motion at the hearing on the basis that Mr. Bell had not impermissibly relied on hearsay based on information provided to Mr. Bell from the Freightliner truck technician.  Rule 703 of the Federal Rules of Evidence allows an expert to base an opinion on "facts or data" otherwise inadmissible if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."  The Court concluded that the technician's information falls into this category.

However, I also found that Mr. Bell's reference to Mr. Dingman pulling off to the side of the road prior to the accident was not sufficiently supported by the existence of tire marks in the road, or other evidence, and admission of such evidence could be potentially prejudicial. Therefore, Mr. Bell is precluded from making reference to Plaintiff pulling over to the side of the road unless he can base it on other evidence that amounts to more than speculation.

Regarding the deferred matter of Mr. Bell's reliance on the police report diagram, I now

find that such reliance is permissible under the rules of evidence. As hearsay evidence, the document is appropriate for use by Mr. Bell for his report under Rule 703, as discussed above in the context of information provided to Mr. Bell by a truck technician. Plaintiff also contends that without proper authentication, Mr. Bell should be precluded from relying on this diagram in his report. Although there is no dispute that the handwritten diagram came from the records of the New Mexico State Police, parties have been unable to identify the officer who generated the diagram for the report. A computer generated diagram has been created from the handwritten diagram. An Officer Montjoy from the New Mexico State Police stated that the handwritten diagram was not his complete diagram, and that there were markings on the diagram that were not his. At his deposition, Officer Montjoy stated that he would refuse to testify as to the computer generated diagram because it is based on the flawed handwritten diagram.

Defendant contends that the fact the document was produced from state files is sufficient authentication for use by Mr. Bell. Tenth Circuit law regarding Rule 703 supports Defendant's argument. An expert may testify concerning documents, which are not admissible into evidence because they are not authenticated, to demonstrate the basis for his or her opinion. Kinser v. Gehl Co., 184 F.3d 1259, 1274-75 (10th Cir. 1999). An expert in the field "can be presumed to know what evidence is sufficiently trustworthy and probative to merit reliance." Id., overruled on other grds, Weisgram v. Marley Co., 528 U.S. 440, 446 n.2 (2000).

Kinser was decided prior to the 2000 amendments to Rule 703. The amended portion of the Rule states that : "[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial

4

effect." Thus, Rule 703 now precludes Defendant, as "proponent of the opinion or inference," from disclosing facts or data contained in the diagram. Black v. M&W Gear Co., 269 F.3d 1220, 1228 n.3 (10th Cir. 2001). However, the amendments do not prevent an expert from relying on information that is inadmissible for substantive purposes. Adv. Comm. Notes, 2000 Amendments. Therefore, Mr. Parker Bell may rely on the handwritten police report diagram for his opinion and in his testimony, subject to the conditions imposed by the amendments to Rule 703.

**(5) Plaintiff's Motion to Quash Deposition of Rider Truck Technician (Doc. 73)**.

Because the trial deposition has already been taken, the Court converted the motion to quash into a motion in limine. At the hearing, the Court denied Plaintiff's motion, finding that defense counsel was not dilatory in the identification of the Rider Truck Technician, and ruling that the deposition of the technician may be used at trial for the reasons stated on the record at the hearing.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Exclude Testimony of Defendant's Expert Timothy Kelly **(Doc. 52)** is hereby denied as moot;

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Comment, Suggestion or Argument or Punitive Damages **(Doc. 88)** is hereby granted pursuant to stipulation of the parties;

**IT IS FURTHER ORDERED** that counsel for Defendant may submit supplemental briefing on its motion for partial summary judgment (Doc. 46) by Thursday, April 19, 2007;

**IT IS FURTHER ORDERED** that a ruling on Defendant's Motion to Exclude Testimony of Plaintiff's Expert, Douglas A. Richardson, CPA (Doc. 45) is deferred;

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment for Lack of Causation and for Loss of Consortium (Doc. 46) is also deferred until the Court reviews supplemental briefing by counsel for Defendant;

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine Concerning Photographs, etc. (Doc. 71) is hereby either moot or denied, as described above;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude the Testimony of Defendant's Expert G. Parker Bell (Doc. 50) is hereby denied;

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Quash Deposition of Rider Truck Technician (Doc. 73) is hereby denied.

UNITED STATES DISTRICT JUDGE